THE PEOPLE v. JOHN MANGOLD.

*Constitutional law—Police court of Grand Rapids—Misdemeanors —Liquor law of 1887—Jurisdiction.*

1. The police court of Grand Rapids cannot try a party for a misdemeanor punishable by fine and imprisonment beyond the jurisdiction of a justice of the peace.
2. The following propositions are summarized from the opinion of Mr. Justice CAMPBELL :
   *a*—The liquor law of 1887 was intended to remove the trial of offenses under it into the higher courts, where the proceedings are conducted by common-law methods, and the rights of the public and of the prisoner fully guarded.
   *b*—The general policy of the State divides the original crim-

inal jurisdiction into that which is exercised by courts having plenary common-law powers and that which is exercised by justices of the peace. A similar distinction has been kept up for a long time between cases subject to summary jurisdiction in inferior courts, and cases prosecuted by common-law methods.

c—In regard to the former, which are always petty offenses, a jury may be waived; and when a jury acts it has complete authority over facts and law, and the magistrate has not the control incident to common-law trials.

d—In common-law cases the prosecution must be by indictment, or some equally safe method, based on some sworn showing; the jury must be selected and sworn, so as to secure the full benefits of the law; and the court passes upon the law questions instead of the jury, and error lies upon its judgment.

e—Redress against judgments of inferior courts is either by *certiorari* or by some statutory remedy, and not by error and exceptions.

f—The right of trial by jury, in the circuit court, means more than that there shall be a trial before a body of laymen. It involves all the incidents of common-law jury trials, including challenges to the array and to the poll, peremptory and for cause, the assistance of counsel, the enforced attendance of witnesses, the separation of court and jury powers, and whatever else is essential on hearing or review; and under the Constitution it requires substantial equality throughout the State in methods of prosecution.

Exceptions from Kent. (Montgomery, J.) Argued June 27, 1888. Decided July 11, 1888.

Respondent was tried and convicted in the police court of Grand Rapids of failing to keep his saloon closed on Sunday, as required by the liquor law of 1887, and appealed to the circuit, where he was again convicted. Proceedings reversed and respondent discharged. The facts are stated in the opinion.

*Eggleston & McBride,* for respondent.

*Moses Taggart,* Attorney General, and *W. J. Stuart,* Prosecuting Attorney (*Stuart, Knappen & Van Arman,* of counsel), for the people.

CAMPBELL, J. Respondent was tried and convicted in the police court of Grand Rapids for violating the Sunday clause of the liquor law of 1887, by which act such violation is made a misdemeanor, and punished by fine and imprisonment beyond the jurisdiction of a justice. Respondent appealed to the circuit court of Kent county, where he raised, as he had done before, the question of jurisdiction. This was ruled against him, and he was again convicted.

The Grand Rapids police court was originally intended to exercise the jurisdiction of justices of the peace in criminal cases, and some special jurisdiction. In 1885 an attempt was made to confer exclusive jurisdiction over all misdemeanors committed in Grand Rapids.[1] It is under this grant of power that respondent was prosecuted. He was complained of by a private prosecutor, and the prosecution was conducted by that complainant, who appeared for the public, and took part in striking the jury. Under what law this was permitted we are not informed.

The liquor law of 1887 was intended to remove the trial of offenses under it into the higher courts, where the proceedings are conducted by common-law methods, and the rights of the public and of the prisoner fully guarded. There is, however, nothing said in the liquor law about courts. The jurisdiction follows the general statutes. The offense in question is made a misdemeanor by express terms.

It would probably come within the language of the police court act of Grand Rapids. But there are difficulties in the way of allowing this which are very serious.

The general policy of the State divides the original

---

[1] See Act No. 127, Laws of 1885, § 6.

criminal jurisdiction into that which is exercised by courts having plenary common-law powers and that which is exercised by justices of the peace. A similar distinction has been kept up a long time between cases subject to summary jurisdiction in inferior courts, and cases prosecuted by common-law methods. In regard to the former, which are always petty offenses, a jury may be waived ; and when a jury acts, it has complete authority over facts and law, and the magistrate has not the control incident to common-law trials. In common-law cases the prosecution must be by indictment, or some equally safe method, based on some sworn showing; the jury must be selected and sworn, so as to secure the full benefits of the law ; and the court passes upon the law questions instead of the jury, and error lies upon the judgment. Redress against judgments of inferior courts is either by *certiorari* or by some statutory remedy, and not by error and exceptions.

While our Constitution provides some discretion in regard to criminal jurisdiction of justices, it gives to the circuit courts original jurisdiction except as otherwise provided, and it gives them general appellate powers over all inferior tribunals. It also secures the right of trial by jury, and several other important safeguards against abuses. This right of trial by jury means more than that there shall be a trial before a body of laymen. It involves all the incidents of common-law jury trials, including challenges to the array and to the poll, peremptory and for cause, the assistance of counsel, the enforced attendance of witnesses, the separation of court and jury powers, and whatever else is essential on hearing or review. And under the Constitution it requires substantial equality throughout the State in methods of prosecution.

We have misdemeanors which involve consequences as

serious as those attached to felonies.    There are some cases
in which the statutes expressly declare some State prison
offenses to be misdemeanors.    We have provisions which
authorize felonies to be shown on trials for misdemeanor,
so that conviction or acquittal bars any further action
against them as felonious.    And all. attempts to commit
felonies punishable by less than five years' imprisonment
in the State prison are misdemeanors.    So is every com-
mon-law offense of any kind to which no specific punish-
ment has been applied by statute; and many such crimes
are in law infamous.

This police court must be put upon the same footing
with justices' courts in criminal cases, or it must have
unlimited jurisdiction over. all .crimes but felonies.    There
is no middle ground.

With the exception of a few pieces of machinery, it
cannot be distinguished from other justices' courts, and
it gets most of its powers from the statutes . regulating
justices.    In case an indictment is found for. misdemeanor,
the law provides no means for getting it into the police
court; and if it did, we should have the singular spectacle
of a case transferred to an inferior court for trial by a
court having appellate jurisdiction over it, and original
jurisdiction over the same offenses outside of the corpo-
ration.    There is no provision for preliminary examina-
tions, and none for filing informations.    The prosecuting
attorney is bound to attend on call of the court, but he
does not appear to have been given any independent
power.    The practice is required to conform to that of
justices of the peace.    The court has no power to assign
counsel, or to secure to the prisoner his witnesses from
outside the city, or such a jury as he is entitled to
demand.

The statute which attempts to give this court jurisdic-
tion over misdemeanors in general cannot exercise that

power, for want of indispensable means to carry it out. Those powers cannot be given to it without changing its entire character. Whether such a change can be made we need not inquire. It is certain no court can be so constituted as to deprive either the public or criminals of their substantial rights. As we have had occasion to suggest before, the judicial system of the State is not within legislative discretion except to a limited extent. The legislation concerning Grand Rapids has for some reason been extended in a more questionable way than any other that has been brought to our notice. This police act has got beyond any range which the Constitution recognizes.

We think the police court could not try the offense charged, and that the proceedings should be reversed, and the respondent discharged.

The other Justices concurred.