80  611
80  616

## The People v. George Gooseman.

*Criminal law—Preliminary examination—Jurisdiction of police court of Grand Rapids.*

The police court of the city of Grand Rapids has jurisdiction to examine and hold to bail persons charged with the violation of the liquor law of the State, or with other misdemeanors not triable before a justice of the peace. *Averill v. Perrott*, 74 Mich. 296.

Exceptions before judgment from superior court of Grand Rapids. (Burlingame, J.) Argued May 1, 1890. Decided May 9, 1890.

Respondent was convicted of keeping his saloon open on Sunday. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*Eggleston & McBride*, for respondent.

*B. W. Huston*, Attorney General, and *W. J. Stuart*,

Prosecuting Attorney (*Stuart, Knappen & Weaver,* of counsel), for the people.

MORSE, J. The respondent was convicted in the superior court of the city of Grand Rapids upon an information charging him with keeping his saloon open in said city, in violation of the law, upon Sunday, October 22, 1889.

The complaint was made in the police court of Grand Rapids, and all proceedings preliminary to the filing of the information were had in that court. After his conviction the respondent made a motion in arrest of judgment, and for his discharge, upon the ground that the police court of Grand Rapids had no jurisdiction to examine and hold to bail persons charged with violations of the criminal laws of this State, not triable by justices of the peace, except in case of felonies. The motion was overruled by the judge of the superior court, and respondent brings exceptions before judgment, the sole complaint being the overruling of such motion.

The identical question was before us at the October term, 1888, upon *mandamus,* in the case of *People, ex rel. William J. Stuart, Prosecuting Attorney of Kent County, against the Judge of the Police Court of Grand Rapids.* Judge Holmes had refused to issue a warrant upon a sworn complaint for violation of the liquor law, or to take cognizance thereof, upon the ground that the case was a misdemeanor under the decision of the Supreme Court, not triable in said police court, and because the superior court had, since said Supreme Court decision, dismissed a like case because such superior court held that the police court had no jurisdiction to entertain preliminary examinations in such cases; and that, therefore, being, as it were, between two fires, interdicted by the Supreme Court from trying such cases, and prevented by the action of the superior court from taking an examination and hold-

ing the accused for trial in that court, he thought it his duty not to assume any jurisdiction in such cases. At the hearing, and after argument upon both sides, we decided that the police court had jurisdiction to issue warrant, hold examination, and bind over the offender to the superior court for trial, and issued our writ in accordance therewith October 9, 1888. We filed no written opinion.

We have examined the briefs filed in the present case, and find no reason for changing our opinion entertained at the hearing of the *mandamus* proceedings. The police court of Grand Rapids was established and organized in the year 1873. See 3 Acts 1873, p. 189. By this act the court was given,—

"Concurrently with the justices of the peace of said city, the same jurisdiction in criminal cases which by law is conferred upon such justices of the peace in the arrest and examination or trial of offenders against the general laws of this State for offenses committed within the limits of said city." Id. 191.

The court was reorganized in 1879, and the act of 1873 repealed. Laws of 1879, p. 66. Section 5 of the act of 1879 provided, among other things, that the police judge should have all the powers and authority of a justice of the peace except in the trial of civil cases. Section 6 gave the court exclusive original jurisdiction—

"To issue process for, hear, try, and determine all cases of misdemeanor, and of a *quasi* criminal nature, committed within the corporate limits of said city, heretofore within the jurisdiction of justices' courts, * * * and also exclusive original jurisdiction to issue process for, hear, and examine, and hold to bail or discharge all persons charged with the commission of felonies within the corporate limits of said city."

Section 20, p. 72, provides that in cases of examination the prosecuting attorney of Kent county may employ a stenographer, etc. In 1885 certain sections of the act of

1879 were revised and amended. Section 5, as amended, contains the same clause as in the act of 1879, giving to the police judge all the powers and authority of a justice of the peace except in the trial of civil cases. Laws of 1885, p. 125.

Section 6, p. 126, provides that—

"Said police court shall also have exclusive original jurisdiction to issue process for, hear, try, and determine all cases of misdemeanor, and of a *quasi* criminal nature, committed within the corporate limits of said city heretofore or hereafter within the jurisdiction of justices' courts, and all cases of misdemeanor committed within the corporate limits of the city of Grand Rapids."

Said court was also given the same jurisdiction to examine and hold to bail or discharge persons charged with felonies as in the act of 1879.

In the case of *People v. Mangold*, 71 Mich. 335, we held that the police court had no power to try and determine a misdemeanor not triable before a justice of the peace. It is argued by the respondent's counsel that it was intended by the act of 1885 to give the police court power to try such cases as the one at bar, misdemeanors, and all crimes less than felonies, and to provide for examinations only in the latter class of offenses, and that, it being decided by the Supreme Court that so much of the act as gave authority to the court to try and determine cases of misdemeanor was void, the court was left without any power or jurisdiction to examine and hold to bail for misdemeanors. This is not the correct understanding of the decision in *People v. Mangold, supra.* It was distinctly stated in that opinion that the police court, with the exception of a few pieces of machinery, could not be distinguished from other justices' courts, and that this police court must be put on the same footing with justices' courts in criminal cases. We are all of the opinion that the police court, having, under the clause

in section 5 heretofore quoted, all the powers and authority of justices' courts except in the trial of civil cases, has jurisdiction concurrently with justices of the peace to issue process for, arrest, examine, and hold to bail persons charged with the violation of the liquor laws, and with other misdemeanors not triable before a justice of the peace. See *Averill v. Perrott*, 74 Mich. 296; *People v. Phalen*, 49 Id. 492, 494.

It follows that the conviction must be affirmed, and the court below is advised to proceed to judgment and sentence upon the verdict.

The other Justices concurred.