# DISTRICT OF COLUMBIA v. SIMPSON.

CRIMINAL LAW; POLICE COURT; POLICE REGULATIONS; PROSECUTING OFFICERS.

1. A court of limited jurisdiction, having the power to fine or imprison, has no jurisdiction to try a criminal case punishable by fine and imprisonment.

2. Under sec. 932, D. C. Code (31 Stat. at L. 1340, chap. 854), which limits the authority of the corporation counsel to prosecute in the police court in the name of the District of Columbia offenses punishable·by a fine only, or by imprisonment not exceeding one year, he has no authority to prosecute a defendant in that court charged with the violation of sec. 878c, D. C. Code, prohibiting the refilling with milk, etc., with intent to sell the same, any vessel registered by another, under penalty of fine or imprisonment, or both, but such a prosecution must be conducted by the district attorney in the name of the United States. (Citing *Nation* v. *District of Columbia*, 34 App. D. C. 453, 26 L.R.A.(N.S.) 996.)

No. 2546. Submitted May 15, 1913. Decided May 26, 1913.

HEARING upon a certification of a judge of the police court under sec. 933, D. C. Code (31 Stat. at L. 1341, chap. 854). of a question for determination by this court.

*Question answered.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* corporation counsel, and *Mr. Robert L. Williams,* assistant, for the District of Columbia.

*Mr. C. R. Wilson* also for the District of Columbia.

*Mr. E. O'Brien* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This case is here upon the certification of the police court, at the suggestion of the corporation counsel, under sec. 933 of the Code (31 Stat. at L. 1341, chap. 854), to have determined the question whether a violation of sec. 878c of the District Code by defendant, William A. Simpson, should be brought in the name of the District of Columbia, through the corporation counsel, or in the name of the United States, through the District Attorney.

Said sec. 878c prohibits, *inter alia,* the refilling with milk,. cream, or other beverage, with intent to sell the same, any vessel previously registered by another, etc.   The penalty for the first offense is "a fine of not less than fifty cents for each such vessel, or by imprisonment for not less than ten days nor more than one year, *or by both such fine and imprisonment;* and for each subsequent offense by a fine of not less than one nor more than five dollars for each such vessel, or by imprisonment for not less than twenty days nor more than one year, *or by both such fine and imprisonment.*"

Sec. 932 of the Code (31 Stat. at L. 1340, chap. 854) requires "prosecutions for violations of all police or municipal ordinances or regulations, and for violation of all penal statutes in the nature of police or municipal regulations, *where the maximum punishment is a fine only, or imprisonment not exceeding one year,*" to be conducted in the name of the District of Columbia through the corporation counsel or his assistants.   All other criminal prosecutions are required by this section to be conducted in the name of the United States, through the United States Attorney or his assistants.   It is well settled that, under a statute authorizing a justice of the peace, police judge, or other magistrate with limited jurisdiction, to fine or imprison, he has no jurisdiction to try a criminal case punishable by a fine *and* imprisonment.   If the offense be one the maximum penalty or punishment of which exceeds the power of his court to impose,. he is without jurisdiction.   *United States* v. *Marshall,* 6 Mackey, 34; *State* v. *Williams,* 68 N. H. 449, 42 Atl. 898; *People*

v. *Mangold,* 71 Mich. 335, 39 N. W. 6; *Klyman* v. *Com.* 97 Ky. 484, 30 S. W. 985; *State* v. *Wiseman,* 131 N. C. 795, 42 S. E. 826; 12 Cyc. 203. So here, the statute having expressly limited the authority of the corporation counsel to prosecute in the name of the District of Columbia offenses punishable by a fine only, or by imprisonment not exceeding one year, he has no authority to prosecute offenses where the maximum punishment may be both a fine and imprisonment. This was intimated in *Nation* v. *District of Columbia,* 34 App. D. C. 453.

We rule therefore that prosecutions under sec. 878c should be conducted by the District Attorney or his assistants in the name of the United States. If it is deemed advisable to have such prosecutions conducted by the corporation counsel or his assistants, congressional action must be sought. We must take the statutes as we find them.