## WASHINGTON RY. & ELECTRIC CO. v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted January 4, 1926. Decided February 1, 1926.)

### No. 4293.

1. **Street railroads** ⊜⇒73—Car remodeled in 1905 held not compliance with statutory requirements respecting vestibule for motorman.

Street car, provided in 1905 with glass and wood vestibule, open on each side of platform for passengers, which type was then as far as street car manufacture had advanced, *held* in 1924 not compliance with Act Cong. March 3, 1905, requiring a glass vestibule surrounding "as nearly as possible" the place where the motorman stands.

2. **Statutes** ⊜⇒47—Statute relating to motorman's vestibule held not void for indefiniteness and uncertainty.

Act Cong. March 3, 1905, requiring street cars to be provided with "a glass vestibule, surrounding, as nearly as possible, the place where the motorman operating said car stands" *held* not void for indefiniteness and uncertainty.

3. **Street railroads** ⊜⇒73—Statute relating to motorman's vestibule held not impliedly repealed.

Act Cong. March 3, 1905, requiring street cars to be provided with a glass vestibule sur-

rounding motorman, *held* not impliedly repealed by Act Cong. May 23, 1908, which by section 16 vested Interstate Commerce Commission with authority over equipment and service, or by Act March 4, 1913, which by section 8, par. 96, conferred authority on Public Utilities Commission.

**4. Statutes ☞159—General statutes, without negative words, do not repeal particular provisions, unless irreconcilable.**

Repeals by implication are not favored, and general statutes, without negative words, will not repeal particular provisions of a former statute, unless irreconcilably inconsistent.

In Error to Police Court of the District of Columbia.

The Washington Railway & Electric Company was convicted of violating the statute respecting motorman's vestibule on street cars, and it brings error. Affirmed.

S. R. Bowen and H. W. Kelly, both of Washington, D. C., for plaintiff in error.

F. H. Stephens, of Washington, D. C., for the District of Columbia.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a judgment imposed upon the street railway company by the police court, upon an information and complaint charging it with the operation of a certain street car, to wit, No. 426, on March 31, 1924, and failing to provide the same with a glass vestibule surrounding as nearly as possible the place where the motorman operating the car stood, in violation of an Act of Congress approved March 3, 1905. 33 Stat. 1001.

That act provides: "That every person or corporation operating street cars in the District of Columbia shall provide each of the same with a glass vestibule, surrounding, as nearly as possible, the place where the motorman operating said car stands, so that said motorman shall be protected from inclement weather," subject to the proviso: "That the requirements of this act shall not apply to cars operated from the first day of April to the first day of November of each and every year." A violation of the act was made a misdemeanor punishable by a fine.

For its defense the company contended that the act in question was no longer in force, for that it was repealed by the Act of Congress approved May 23, 1908, 35 Stat. 250, or that, if not repealed by that act, it was repealed by the Act of Congress approved March 4, 1913, 37 Stat. 938; and

furthermore the company denied that it had violated any act of Congress as charged in the information.

It appears that prior to March 3, 1905, the company operated a large number of street cars which had no glass vestibules in front or at the sides of the platform to protect the motorman from the weather. But immediately after that date the company remodeled all of its cars operated between November 1st and March 31st of each year, installing open end glass and wood vestibules. These cars contained a glass and wood vestibule in front of the motorman, but left each side of the platform open for passengers to be received and discharged. The car now in question, to wit, No. 426, is one of those so remodeled. This type of construction was as far as the manufacture of street cars had advanced in the year 1905, but afterwards cars were manufactured with platforms surrounded in front and on one side by wood and glass vestibules, leaving the other side open for the entrance and exit of passengers, and still later cars were made with platforms completely surrounded by wood and glass vestibules. It appears that, whenever the company purchased new cars, it procured such as had the most advanced type of vestibule construction; and also that it expended large sums of money in remodeling many cars already owned by it, in order to equip them with approved vestibules. Nevertheless during rush hours in the winter the company continued to operate car No. 426, having a vestibule in front of the motorman, with both sides of the platform entirely open.

[1, 2] We may say that in our opinion this could constitute a violation by the company of the provisions of the Act of March 3, 1905, if in force, notwithstanding the care and expense devoted by the company to the purchase or remodeling of its other cars. It cannot be maintained that in the year 1924 such a car would answer the requirements of the act for "a glass vestibule, surrounding as nearly as possible the place where the motorman operating said car stands, so that said motorman shall be protected from inclement weather." Nor do we think that the act was void for indefiniteness and uncertainty, under the rule declared by this court in the "crowded car" case. United States v. Capital Traction Co., 34 App. D. C. 592, 19 Ann. Cas. 68.

[3] We come next to the question whether the Act of March 3, 1905, was repealed by the Act of May 23, 1908. It is not claimed that the latter expressly repealed the former,

but that it impliedly served as a repeal or substitute for it. In the latter act (section 16) Congress invested the Interstate Commerce Commission with authority to compel every street railroad company operating a street railway in the District to supply and operate a sufficient number of cars, clean, sanitary, in good repair, with proper and safe power, equipment, appliances, and service, comfortable and convenient, and so operate the same as to give expeditious passage to all persons desiring the use of said cars. The Commission was empowered to make, alter, amend, and enforce all needful rules and regulations to secure the obedience of the companies and their employees to the orders and regulations of the Commission. This enactment was not inconsistent with or repugnant to the provisions of the Act of March 3, 1905. The former act dealt specifically and exclusively with the construction of vestibules for the protection of the company's motormen; the latter, with the comfort, convenience, and safety of the passengers upon the cars; and the two acts were capable of concurrent enforcement.

[4] It is a well-established rule that repeals by implication are not favored, and that a general statute, without negative words, will not repeal the particular provisions of a former statute, unless the two acts are irreconcilably inconsistent. United States v. Sampson, 19 App. D. C. 419; Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; Henderson's Tobacco, 11 Wall. (78 U. S.) 652, 657, 20 L. Ed. 235; Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536; Frost v. Wenie, 15 S. Ct. 532, 157 U. S. 46, 39 L. Ed. 614. We conclude accordingly that the earlier act was not repealed by the Act of May 23, 1908.

We are also of the opinion, for the same reason, that it was not repealed by the Act of March 4, 1913. The latter act (paragraph 96 of section 8) conferred upon the Public Utilities Commission the authority theretofore possessed by the Interstate Commerce Commission over the street railroad companies of the District. This authority was at the same time enlarged and made more definite. But in paragraph 101 of the act it was provided that all statutes and regulations then in force, except as modified or changed by the act, or until modified or changed under its provisions, should remain in full force and effect, until altered, amended, or repealed according to law, and that all statutes and regulations inconsistent and repugnant to the provisions of the act were repealed, but only so far as inconsistent and repugnant thereto.

The Act of March 3, 1905, was in full force at the time of the enactment of this act, and was not inconsistent with or repugnant to it. Nor does it appear from the record that the Public Utilities Commission has at any time undertaken to abrogate it. A suggestion appears in the record that the Commission "acquiesced" in a partial departure by the company from its requirements. This, however, even if true, was not intended as a modification of the statute, for the record discloses that the Commission repeatedly referred to it as still in effect.

The police court was right in its judgment, which is hereby affirmed, with costs.