## UNITED STATES v. SMITH.

(District Court, W. D. Louisiana, Shreveport Division. April 12, 1926.)

No. 4487.

1. **Internal revenue ⬤⟿47—Information alleging false returns held to charge offense of attempting to evade income tax. (Revenue Act 1917 [Comp. St. 1918, § 6336⅜a et seq.], and section 1004 [Comp. St. 1918, § 5896b].)**

Information charging that defendant attempted to defeat and evade the income tax imposed by Revenue Act 1917 (Comp. St. 1918, § 6336⅜a et seq.), by swearing to and filing a false and fraudulent return, *held* to charge an offense under section 1004 of the act (Comp. St. 1918, § 5896b).

2. **Indictment and information ⬤⟿137(1)—Limitation, with exceptions, not determinable on motion to quash.**

Where a statute prescribes a limitation, but contains an exception as to the persons against whom it shall run, an information charging violation thereof will not be quashed, though the limitation appears to apply, but the matter must be determined on evidence in support of a plea or under the general issue.

3. **Criminal law ⬤⟿146—Limitation of prosecution for violation of internal revenue laws was extended to three years by Revenue Act 1921 (Act July 5, 1884, § 1, as amended by Revenue Act 1921, § 1321a [Comp. St. Ann. Supp. 1923, § 1711]).**

The limitation of two years for prosecution of offenses under internal revenue laws was extended to three years by amendment contained in Act July 5, 1884, § 1, as amended by Revenue Act 1921, § 1321a (Comp. St. Ann. Supp. 1923, § 1711).

4. **Internal revenue ⬤⟿39, 40—Filing of false amended return in attempt to evade income tax constitutes offense (Revenue Act 1917, § 1004 [Comp. St. 1918, § 5896b]).**

Any act done, the purpose and effect of which are to evade, or attempt to evade, the income tax imposed by Revenue Act of 1917, constitutes an offense, under section 1004 of the act (Comp. St. 1918, § 5896b), and it is not material that the act is not required by the statute, as the filing of an amended return.

Criminal prosecution by the United States against E. Kirby Smith. On motion to quash and demurrers to information. Overruled.

P. H. Mecom and J. Fair Hardin, both of Shreveport, La., for the United States.

Frank J. Looney, of Shreveport, La., for defendant.

DAWKINS, District Judge. The defendant has been charged in a bill of information of two counts with the violation of the revenue law of 1917 (Comp. St. 1918, § 6363⅜a et seq.). In the first of these counts it is alleged that he did "unlawfully, willfully, and knowingly attempt to defeat and evade the income taxes imposed by said Revenue Act of 1917," by swearing to and filing with the collector of internal revenue a false and fraudulent return, on or about the 28th day of February, 1918. In the second count it is charged that on or about the 23d day of January, 1923, said defendant, for the same purpose and with the same criminal intent, did file a fraudulent amended return covering the said tax for the year 1917.

Defendant has filed a motion to quash and three demurrers, as follows: (1) A motion to quash, in which it is urged that the bill charges the defendant with no crime, because the law under which he is prosecuted, to wit the Revenue Act of October 3, 1917, does not make it an offense to file a fraudulent return, and further that, in so far as count No. 2 is concerned, the said act of 1917 had been repealed before the bill was filed; (2) a demurrer against the face of the bill, upon the contention that it charges no crime; (3) a demurrer alleging that the offenses attempted to be charged were barred by limitations under the provisions of the Act of July 5, 1884 (Comp. St. § 1711); and (4) that, in so far as count 1 of the bill is concerned, the charge is also barred by the limitation of three years, contained in the Revenue Act of 1921.

### On Motion to Quash.

[1] Without going into a detailed consideration of the Revenue Act of 1917, it is sufficient to say that it required every one (excepting a few classes, among which defendant, according to the bill, did not fall) with an income above certain amounts to make a return and in the penal section, No. 1004, it was provided:

"That whoever fails to make any return required by this act or the regulations made under authority thereof within the time prescribed or who makes any false or fraudulent return, and whoever evades or *attempts to evade any tax imposed by this act* or fails to collect or truly to account for and pay over any such tax, shall be subject to a penalty of not more than $1,000, or to imprisonment for not more than one year, or both, at the discretion of the court. * * *" Comp. St. 1918, § 5896b.

A careful reading of the two counts of the bill will disclose that the defendant is charged with attempting "to defeat and evade the income taxes imposed by said Revenue Act of 1917," the remainder of the recitals being devoted to a description of the means by which the defendant sought to evade the taxes. I think this sufficiently

charges an offense. Emmich v. U. S. (C. C. A.) 298 F. 5, and authorities therein cited.

## On the Demurrers.

[2] As to the demurrer directed at the first count of the bill, under the Act of July 5, 1884, inasmuch as the Revenue Act of 1917 declares the offense of attempting to evade the tax to be a misdemeanor, I think it would be barred by the limitation of two years, unless the defendant was absent from the district a sufficient length of time to interrupt or prevent its running. It seems to be the rule under the federal jurisprudence that, where a statute providing limitations contains an exception as to those persons against whom it shall run, as in this case (under the Act of July 5, 1884), to wit, those who are absent from the district, a bill charging a violation thereof will not be quashed, even though the offense appears to be prescribed, but the matter must be determined upon evidence in support of the plea or upon the general issue. U. S. v. Cooke, 17 Wall. 168–179, 21 L. Ed. 538; U. S. v. Kissel (C. C.) 173 F. 823. It will therefore be necessary for me to hear evidence upon the question of whether or not the running of limitations has been interrupted or suspended by the absence of the accused from the revenue district of Louisiana.

[3] As to the second count, in which the defendant is charged with seeking to evade the tax by filing an amended return on January 23, 1923, the Revenue Act of 1921, which had the effect of amending the Act of July 5, 1884 (Comp. St. Ann. Supp. 1923, § 1711), in so far as this class of cases is concerned, extended the period of limitations to three years before the offense charged herein was committed, and hence that time had not expired when the bill was filed on January 22, 1926. Therefore the plea of limitations cannot apply in so far as this count is concerned.

[4] As to the contention that the law does not penalize the filing of an amended return, it may be said that in neither case is the act of filing the alleged fraudulent return the gist of the offense, but the evading or attempting to evade the tax is the gravamen of the charge. I take it that any act which the taxpayer might do, either under the express requirements of the statute, such as the making of a fraudulent original return, or the filing of subsequent fraudulent proofs, affidavits, etc., whether they be in the nature of an amended return or what not, where the effect and reasonable purpose would be to evade or defeat the tax, would constitute the offense. This identical question arose before the Circuit Court of Appeals for the Third Circuit, in the case of Levy v. U. S., 271 F. 942, and was decided adversely to the contention now made. I quote from that case as follows:

"Both in the trial court and in this court Levy insisted that his conviction under either count cannot be sustained, mainly because the offenses which the counts charged relate to an amended return of income and excess profits taxes when, as he urges, no return of that character is known to the law. While amended or corrected income tax returns may not be prescribed by the statute, *they are nevertheless allowed and received by the Treasury Department in the administration of the Income Tax Law,* and on such returns taxes are assessed by the Commissioner of Internal Revenue. When so assessed, these are the taxes which under the law are charged against and collected from the taxable. That Levy made such a return, by name and in fact, that it contained a material false statement, and that he endeavored thereby to establish his corporation's taxes at less than the correct amount, has been proved by the verdict of the jury."

I agree with the logic of this case.

For the reasons assigned, the motion to quash and the demurrers will be overruled, reserving to the defendant, if he desires, before the trial and at a convenient time, the right as to the first count to be heard upon the question of whether or not the running of limitations has been defeated by his absence from the district.