## UNITED STATES v. RICK et al.

### No. 390.

Municipal Court of Appeals for the
District of Columbia.

July 31, 1946.

John D. Lane, Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., and John B. Diamond and John P. Burke, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellant.

James R. Kirkland and Francis C. Brooke, both of Washington, D. C. (Paul B. Cromelin, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from an order quashing an information filed by the United States Attorney, which information in three counts charged that the appellees willfully, knowingly and unlawfully attempted to defeat and evade a large part of the income taxes due and owing by them to the District of Columbia for the calendar years 1942, 1943 and 1944 (1) by filing false and fraudulent income tax returns, and (2) by concealing and attempting to conceal from the taxing authorities the true and correct gross income and net taxable income received by appellees in said years. The information was quashed on the ground that the United States Attorney had no jurisdiction to file or prosecute the information.

Section 42 of the District of Columbia Income Tax Act, Title II of the District of Columbia Revenue Act of 1939, enacted July 26, 1939, Code 1940, 47—1542, under the heading of "Penalties," imposed certain

criminal sanctions. Subsection 42(a) headed "Negligence," provided that anyone who failed to pay or collect the tax, to make the return, to keep the records, or to supply the information, required by the Act, should upon conviction be fined not more than $300 for each and every such failure, and that prosecutions therefor should be on information by the Corporation Counsel in the name of the District of Columbia.

Subsection 42(b), headed "Willful Violation," provided that anyone who willfully refused to pay or collect the tax, to make the return, keep the records, or to supply the information, required by the Act, "or who wilfully attempts in any manner to defeat or evade the tax" should be guilty of a misdemeanor and be fined not more than $10,000 or imprisoned for not more than one year, or both. This subsection did not state in what name prosecutions under it should be brought, but it is conceded here by all parties that such prosecutions must be by the United States Attorney in the name of the United States.[1]

Subsection 42(a) was amended by the Act of February 2, 1942, 56 Stat. 44, by including among those subject to the penalties of that subsection any person "who makes a false or fraudulent return." The same Act also amended section 15(a), Code 1940, 47—1515(a), by eliminating the requirement that individual returns be under oath.[2]

The real question before us is whether the information charged an offense under subsection 42(a) or one under subsection 42(b). If under the former, the information was correctly quashed because not brought in the name of the District of Columbia; and if under the latter, then it was properly brought in the name of the United States and ought not to have been quashed. The position of appellees, adopted by the trial court, is that the amendment of February 2, 1942, placed in subsection 42(a) the offense of filing a false and fraudulent return and in substance that is the only offense charged in the information. The position of the government is that the information charged the offense of a willful attempt to evade and defeat tax under subsection 42(b) and was properly brought thereunder, although the attempt was made through the filing of false and fraudulent returns.

It seems plain that Congress in enacting the original income tax law for the District provided criminal sanctions for two classes of defaults. First, under the heading of negligence, the failure to do certain acts required by the law, and for this it provided the lesser penalty. Second, under the heading of willful violation, the willful refusal to do the acts required by the law, and for this it imposed the greater penalty. In addition, there was included in the second class the offense of a willful attempt in any manner to defeat or evade the tax. The language defining the last named offense was evidently taken from the federal income tax laws, in which the offense is a "serious and inclusive felony." Spies v. United States, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418.

---

[1] Unless otherwise expressly provided, prosecutions by the Corporation Counsel in the name of the District of Columbia are restricted to cases "where the maximum punishment is a fine only, or imprisonment not exceeding one year"; and all other prosecutions are by the United States Attorney in the name of the United States. Code 1940, 23—101. In District of Columbia v. Simpson, 40 App.D.C. 498, it was held that the Corporation Counsel has no authority to prosecute offenses where the maximum punishment may be both a fine and imprisonment. See also District of Columbia v. Moyer, 68 App. D.C. 98, 93 F.2d 527.

[2] These amendments had been incorporated in a former bill (H.R. 3689, 77th Cong., 1st Sess.) which failed of passage. H.Rep.No. 182, 77th Cong., 1st Sess., accompanying that bill, stated: "Subsection (r) amends section 42(a) of the act by including among those persons subject to the penalties therein provided any person 'who makes a false or fraudulent return'. This change is necessary because of the amendment provided by subsection (i) of section 1 of the bill which eliminates the requirement of an oath in the case of returns of individuals." S.Rep.No. 936, 77th Cong., 2d Sess., which accompanied the act of February 2, 1942, stated: "The requirement of an affidavit to the matters contained in individual returns is eliminated, and the penalty provision is extended to include the filing of false returns."

The attempt is the crime and the crime is complete when the attempt is complete; and although neither Congress nor the courts have defined or limited the methods by which a willful attempt to defeat or evade the tax may be accomplished, the attempt must consist of affirmative action. Spies v. United States, supra. It is obvious that one of the most common methods by which attempts will be made to evade or defeat the tax will be by the filing of false and fraudulent returns, and there can be no doubt that such an attempt was an offense under subsection 42(b) prior to the amendment of February 2, 1942. This appears to be conceded by appellees, but their argument is that when the filing of a false or fraudulent return was specifically made an offense under 42(a), Congress intended that 42(a) should cover all cases involving filing of false and fraudulent returns. The trial court, agreeing with appellees, held that the filing of a false and fraudulent return may be classed as a willful attempt to defeat the tax, and that the amendment created a conflict between the two sections, which conflict the court reconciled by holding that the amendment "extracted this phase of tax evasion from the more stringent penalties of Title 47, Sec. 1542(b) and provided for its punishment the less exacting penalty of Title 47, Sec. 1542(a)."

To adopt the ruling of the trial court it would be necessary to hold that when Congress amended 42(a), it also amended 42(b) by inserting after the words "willfully attempts in any manner to defeat or evade the tax imposed by this title," the following: "except when such attempt is by means of a false or fraudulent return." To do so, we think, would be an unwarranted invasion of the legislative field. Amendment by implication is not to be easily assumed. Washington Ry. & Electric Co. v. District of Columbia, 56 App.D.C. 134, 10 F.2d 999. It is far more easily assumed that had Congress intended that the amendment of 42(a) would work a material change in 42(b), it would have said so in plain language. Furthermore, we see no logical reason why Congress should have intended to remove from attempts in any manner to evade or defeat the tax the most commonly used method of attempted evasion, i. e., filing false and fraudulent returns. It is hard to perceive why the person who attempts to evade by means of a fraudulent return should be deemed worthy of a lesser punishment than one who seeks to evade by some other method.

It seems to us that to hold that the charge of a willful attempt to defeat and evade the tax by filing a false and fraudulent return does not state an offense under the language of 42(b) punishing one who willfully attempts in any manner to defeat or evade the tax, would be doing violence to the plain language of 42(b), and such holding ought not to be made except for compelling reasons.

Appellees insist, however, that such holding is compelled because, according to them, the only offense charged is that of filing a false and fraudulent return, and since this is specifically made an offense under 42(a) the specific language of 42(a) is controlling over the general language of 42(b). This argument is based on the contention that the offense of filing a false and fraudulent return is identical with the offense of willfully attempting to evade or defeat the tax by filing a false and fraudulent return.

With this contention we cannot agree. In one instance, the offense is the filing of the fraudulent return. In the other, it is the willful attempt to evade or defeat the tax. The two are not identical. In the latter, the gist of the offense is not the filing of the fraudulent return; the gravamen of the charge is the attempt to evade the tax. United States v. Smith, D.C.W.D.La., 13 F.2d 923. Offenses may be entirely distinct in point of law, even though they arise out of the same transaction or act. United States v. Noveck, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610. In the annotation in 86 L.Ed. 392, 394, following United States v. Ragen, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383, it is said: "The courts appear, however, to have taken the position that the crime of attempted evasion of taxes is a distinct offense from either the crime of perjury or the crime of

filing a fraudulent tax return."[3] It is apparent, also, that Congress in enacting the amendment of February 2, 1942, also considered the two offenses separate and distinct. "It is well settled that a statute may define the separate steps in a single transaction as distinct offenses so that the same conduct may furnish the basis for separate charges for which separate punishments may be imposed." United States v. Noble, 3 Cir., 155 F.2d 315, 318.

Our conclusion is that the information charged an offense under subsection 42(b) and was properly brought by the United States Attorney in the name of the United States.

Reversed.

[3] See Levin v. United States, 9 Cir., 5 F.2d 598, certiorari denied 269 U.S. 562, 46 S.Ct. 21, 70 L.Ed. 412; O'Brien v. United States, 7 Cir., 51 F.2d 193, certiorari denied 284 U.S. 673, 52 S.Ct. 129, 76 L.Ed. 569; Capone v. United States, 7 Cir., 51 F.2d 609, 76 A.L.R. 1534, certiorari denied 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566; United States v. Miro, 2 Cir., 60 F.2d 58; Bowles v. United States,

4 Cir., 73 F.2d 772, certiorari denied 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed. 1245; United States v. Capone, 7 Cir., 93 F.2d 840, certiorari denied 303 U.S. 651, 58 S. Ct. 750, 82 L.Ed. 1112. The O'Brien and Miro cases were disapproved in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, to the extent of their holding that a mere willful failure to file a return constituted an attempt to evade.