# NATION *v.* DISTRICT OF COLUMBIA.

---

INTOXICATING LIQUORS; POLICE COURT; JUDGMENTS; CRIMINAL LAW;
MALICIOUS DESTRUCTION OF PROPERTY.

1. Intoxicating liquors, whether exposed for sale unlawfully or not, are property, in the District of Columbia, and cannot lawfully be taken or destroyed save by due process of law.

2. It is no defense to a criminal prosecution for wilfully breaking and destroying bottles containing intoxicating liquor, that the owner had no license to sell such liquor.

3. A judgment of conviction by the police court of this District in a prosecution on an information for maliciously destroying another's property is void for want of jurisdiction by the court of the offense, where the testimony shows that the destroyed property was of the value of $35 or more. In such a case the punishment is infamous and the prosecution must be by indictment. (Construing D. C. Code, sec. 848 [31 Stat at. L. 1327, chap. 854]; act of Congress of July 29, 1892— 27 Stat. at L. 322, chap. 320,—and amendatory acts of July 8, 1898,—

30 Stat. at L. 723, chap. 638,—and April 21, 1906, 34 Stat. at L. 126, chap 1647.)

4. It is doubtful whether a prosecution in the police court of this District for the malicious destruction of property of a value less than $35 is maintainable in the name of the District of Columbia.    (Citing D. C. Code sec. 932 [31 Stat. at L. 1340, chap. 854].)

No. 2103.  Submitted February 1, 1910.  Decided February 10, 1910.

In error to the Police Court of the District of Columbia.
*Judgment reversed.*

· The COURT in the opinion stated the facts as follows:

This case is before us on a writ of error granted to review a judgment of the police court.

An information filed in the police court by the corporation counsel charged Carry Nation with wilfully breaking and destroying "certain bottles containing intoxicating liquors, the property of the Washington Terminal Company," in violation of the act of Congress approved July 29, 1892, and amended April 21, 1906.  Defendant moved to quash the information on the following grounds: 1. The offense charged is an offense against the United States, and cannot be prosecuted in the name of the District of Columbia.  2. The acts charged do not show the commission of an offense.  This motion was overruled. Defendant then filed a special plea, alleging that the information did not sufficiently describe the property destroyed; that the same is not property in law; that the alleged owner had no license to sell liquors in the Union station, where the property was destroyed; that the use of the property constituted it a public nuisance, which any citizen had the right to abate; certain other facts of a like nature were alleged also.

The court sustained a demurrer to this, and the trial proceeded without further plea.  The testimony tended to show that the defendant broke certain bottles of intoxicating liquors by throwing two hatchets behind the bar maintained by the Terminal Company, and that the value of the property destroyed

was $35.  Defendant was adjudged guilty of the charge, and fined $100.

· *Mr. Matthew E. O'Brien* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Frank W. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The questions raised by the special · plea, the demurrer to which admits the specific allegation that the intoxicating liquors which were destroyed were kept and offered for sale without a license, may be briefly disposed of.

Intoxicating liquors, whether exposed for sale unlawfully or not, are property in the District of Columbia, and cannot be taken or destroyed save by due process of law.  Assuming for the sake of the argument, that the keeping for sale without license . constitutes a public nuisance as well as an offense, the fact affords neither justification nor excuse for their destruction by the defendant.  The sale of intoxicating liquors without license is prohibited by law, and may be prevented and punished, but this can only be done through the agencies and in the manner provided by the law.  The abatement of public nuisances and the enforcement of the penal laws are matters of public duty and administration; and the interference of private persons, save in the making of complaints before the proper public officers and tribunals, is itself a nuisance, which, if accompanied by acts of violence, renders the wrongdoer liable both to civil action and criminal prosecution.  Mob law can have no recognition in our system and should be sternly repressed in its beginning.

The serious questions in the case arise out of the procedure adopted for the punishment of the offense committed.  The information purports to be found on the act of July 29, 1892 (27 Stat. at L. 322, chap. 320), and the amendment thereto

of April 21, 1906 (34 Stat. at L. 126, chap. 1647). The first
section of the earlier act reads as follows:

. "That it shall not be lawful for any person or persons to
destroy, injure, disfigure, cut, chip, break, deface, or cover or
rub with, or otherwise place, filth or excrement of any kind
upon any property, public or private, in the District of Colum-
bia, or any public or private building, statute, monument, of-
fice, dwelling, or structure of any kind, or which may be in
course of erection, or the doors, windows, steps, railing, fencing,
balconies, balustrades, stairs, porches, or halls, or the walls,
or sides, or the walls of any inclosure thereof; or to write, mark,
or paint obscene or indecent words or language thereon, or to
draw, paint, or write obscene or indecent figures representing
obscene or indecent objects; or to write, mark, draw, or paint
any other word, sign, or figure thereon, without the consent of
the owner or proprietor thereof, or, in case of public property,
of the person having charge, custody, or control thereof, under
a penalty of not more than $50 for each and every such of-
fense."

Sec. 18 requires prosecutions to be in the name of the Dis-
trict of Columbia.

The first amendment to this act was that of July 8, 1898 (30
Stat. at L. 723, chap. 638). The only change of importance
was to require the act of injury to be wilful. The penalty for
a violation of sec. 1 is a fine of not more than $50 for each
offense. The object of the amended act of April 21, 1906, ex-
pressed in its title and indicated by the only change made, was
to increase the penalty of the act of 1892. This increase was to
a fine of not more than $100 or imprisonment of not more than
six months, or both fine and imprisonment.

We do not find it necessary to determine whether the section
of the act of 1892, above quoted, applied also to the destruction
of movable property, which would require a strained construc-
tion at least. If it did apply, it was superseded by sec. 848 of
the Code [31 Stat. at L. 1327, chap. 854], which took effect
January 1, 1902. That section reads as follows: "Whoever
maliciously injures or destroys, or attempts to injure or destroy,

by fire or otherwise, any movable property not his own, of the value of $35 or more, shall be punished by imprisonment for not less than one year and not more than ten years, and if the value of the property be less than $35, by a fine not exceeding $200, or by imprisonment not exceeding one year, or both."

The supersession of the act of 1892 by this section, in so far as it may relate to movable property, is not affected by the amendment of 1906, which simply increases the penalty of the former law. By the section of the Code, if the property destroyed is of the value of $35 or more, the punishment is infamous, and the prosecution must be by indictment; if less than $35 the punishment is not infamous, and may be prosecuted by information. In prosecutions under the act of 1892 the value of the injured property is immaterial and need not therefore be alleged or proved. But it is material under sec. 848, and hence must be alleged either in the indictment or information, in order to show that the court in which either is presented has jurisdiction of the offense.

There was no allegation of value in this information, and the motion to quash ought to have been sustained. Proceeding with the trial, however, the evidence submitted by the prosecution showed that the destroyed property was of the value of $35. This showed that the police court had no jurisdiction of the offense committed, and should have been followed by the dismissal of the prosecution. The judgment of conviction entered, instead, was necessarily void.

This conclusion renders it unnecessary to determine whether the information was fatally defective for failure to properly describe the destroyed property.

For a like reason it is unnecessary to determine whether, had the property been of less value than $35, a prosecution could have been maintained in the name of the District of Columbia. It may be added, however, that it is very doubtful if such a prosecution could be maintained under sec. 932 of the Code [31 Stat. at L. 1340, chap. 854], which provides that prosecutions for violations of "all penal statutes in the nature of police or municipal regulations, where the maximum punishment is

a fine only or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia, and by the city solicitor or his assistants."

For the reasons above given, the judgment will be reversed, with costs, and the cause remanded with direction to quash the information.                    *Reversed.*