## DISTRICT OF COLUMBIA v. MOYER.
### No. 6998.

United States Court of Appeals for the District of Columbia.

Argued Oct. 18, 19, 1937.
Decided Nov. 15, 1937.

Elwood H. Seal, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and George D. Neilson, Asst. Corp. Counsel, all of Washington, D. C., for appellant.

T. Edward O'Connell, of Washington, D. C., for appellee.

Before ROBB, GRONER, and MILLER, Associate Justices, and WHEAT, Chief Justice of District Court.

PER CURIAM.

This case is here on a certificate from the police court pursuant to the provisions of section 352, title 6, of the Code of 1929, which authorizes this court upon a certificate from that court to determine in a summary way the question whether a prosecution for violation of a police or municipal regulation or ordinance should be conducted by the corporation counsel or by the United States attorney. The specific question involved is whether a prosecution for reckless driving for which the penalty may be both fine and imprisonment not exceeding one year should be prosecuted by the United States attorney or by the corporation counsel.

The prosecution was begun by the filing of an information in the name of the District of Columbia by the corporation counsel charging the defendant with reckless driving, second offense. The penalty upon conviction is a fine of not more than $1,000 or imprisonment of not more than one year or both. [1] At the trial below appellee moved to quash the information because, as he claims, the prosecution should have been brought by the United States attorney in the name of the United States under section 932 of the District of Columbia Code as amended by the Act of Congress approved June 30, 1902, 32 Stat. 537 (D.C.Code 1929, T. 6, § 351). [2] We held in District of Columbia v. Simpson (1913) 40 App.D.C. 498, that under that section the prosecution should be brought by the United States attorney in the name of the United States in cases where the punishment imposed is both fine and imprisonment, but since then (in 1925) Congress has passed a general traffic law applicable to the District of Columbia. The original act contained no direction with respect to. the name in which prosecutions there-

[1] Section 9(c) of the Traffic Act, as amended 46 Stat. 1427, D.C.Code Supp. I, 1933, T. 6, § 246(c).

[2] Section 932: "Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the corporation counsel or his assistants. All other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants."

under should be brought, but by Act of July 3, 1926, 44 Stat. 814, § 4, as amended by Act of February 27, 1931, 46 Stat. 1427, Congress amended section 6 of the act by adding a new subsection designated as (i) [3] which provided that all prosecutions under the act excepting section 11 (D.C. Code 1929, T. 6, § 248)—not applicable here—should be in the police court by information filed by the corporation counsel of the District of Columbia or any of his assistants. In referring to the necessity for this change, the Senate Committee on the District of Columbia, in a report accompanying the bill (Report No. 568, 1st Session, 69th Congress), said:

"The committee has added a provision (section 4 as amended) providing that all prosecutions for violations of the traffic act or regulations shall be in the police court by information filed by the corporation counsel of the District of Columbia or any of his assistants, except in case of the commission of a felony by use of a 'smoke screen' defined and prohibited under Section 11 of the existing traffic law.

"Under present procedure in the traffic court first and second offenses for speeding, first offense for reckless driving, and violations of regulations, are presented to the court by information filed by the corporation counsel or his assistants, while cases which might involve jury trials, such as third offense speeding, second offense reckless driving, first offense driving without a permit, and first offense leaving after colliding, have been presented by information filed by the United States district attorney. This practice leads to much duplication of work and considerable confusion, owing to the fact that an individual may be brought in for offenses which must be presented to the court by both the United States attorney and the corporation counsel. There seems to be no good reason why all these cases, except

for use of a smoke screen (a felony), should not be presented by an assistant to the corporation counsel. As it is at present, there are two sets of attorneys handling almost identical classes of cases. They are all municipal cases and ought to be presented to the courts by the same set of attorneys, under the supervision of the District Commissioners."

■ We think it is too plain for argument that by the amendatory section Congress intended that all prosecutions for violations of the traffic act, except for the violation of the smoke screen provision contained in section 11, should be at the instance of the corporation counsel and in the name of the District of Columbia. Unless it means this it means nothing. While it is true the amendatory act contains no express repeal of section 932, and while it is also true that repeals by implication are not favored, "the question whether a statute is repealed by a later one containing no repealing clause, on the ground of repugnancy or substitution, is a question of legislative intent to be ascertained by the application of the accepted rules for ascertaining that intention." Posadas v. National City Bank, 296 U.S. 497, 504, 56 S.Ct. 349, 352, 80 L.Ed. 351. Here both in the Traffic Act and in the report of the committee the language used exhibits a definite purpose to change the law by supplying exceptions to the general provisions of the earlier statute. There is nothing in the case of Nation v. District of Columbia, 34 App.D.C. 453, 26 L.R.A. (N.S.) 996, or District of Columbia v. Simpson, supra, to the contrary.

We are, therefore, of opinion that the information was properly filed in the name of the District of Columbia and that the prosecution was properly by the corporation counsel. The motion to quash should, therefore, be denied.

---

[3] "All prosecutions for violations of provisions of the Traffic Acts, excepting section 11 thereof [smoke screen provision], and this Act or regulations made and promulgated under the authority of said Acts shall be in the police court of the District of Columbia upon information filed by the corporation counsel of the District of Columbia or any of his assistants." Section 6(i), Act of Feb. 27, 1931, 46 Stat. 1427 (D.C.Code Supp. I, 1933, T. 6, § 243(i).