**PERSHAM v. UNITED STATES.**

No. 7227.

United States Court of Appeals for the District of Columbia.

Argued March 6, 1939.

Decided March 27, 1939.

Louis Lebowitz, James T. Crouch, and C. E. Nichols, Jr., all of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Albert Goldstein, Asst. U. S. Atty., both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

PER CURIAM.

This appeal involves a conviction on a criminal information filed in the Police Court of the District of Columbia by the United States Attorney, charging that Jack H. Persham (appellant) did "in a certain public park of the United States known as Monument Grounds * * * unlawfully operate a certain motor vehicle, to wit, an automobile, recklessly, that is to say at a greater rate of speed than was reasonable and proper * * * against the form of the statute in such case made and provided," etc. At the trial the witnesses for the United States identified the place of the alleged offense as the intersection of 15th Street and Constitution Avenue, Northwest. At the conclusion of the Government's evidence, the defendant moved for a directed verdict on the ground that there was no evidence tending to show that the violation occurred "in a certain public park of the United States known as Monument Grounds" and that the offense, if any, was an offense which by law was subject to be prosecuted only by the corporation counsel of the District of Columbia. We think the court on this motion should have quashed the information.

As recently as the latter part of 1937[1] we held that a prosecution in the District of Columbia for reckless driving, for which the penalty may be both fine and imprisonment not exceeding one year, should be in the name of the District and filed by its corporation counsel. We called attention in that case to the fact that Congress had in 1925 passed a general traffic law applicable to the District of Columbia.[2] The Act is comprehensive, and either by specific provisions or by authorizing the adoption of rules and regulations by the Commissioners and the Director of Parks covers the entire subject of traffic control in the District of Columbia. The Act, however, made no change in the then existing laws in relation to prosecutions for traffic offenses, and Sec. 16(b) retained control in the Director of Parks[3] over vehicles and traffic on the roads, highways, and bridges within

---

[1] District of Columbia v. Moyer, 68 App. D.C. 98, 93 F.2d 527.

[2] 43 Stat. 1119, D.C.Code 1929, T. 6, § 241 et seq.

[3] The reference to the "Chief of Engineers" (43 Stat. 1126) was doubtless made inadvertently, since traffic control had already been transferred to the "Di-

the public grounds of the District and specifically empowered him to make and enforce regulations for that purpose.[4] We may, therefore, assume that at the time of the passage of the Act traffic offenses occurring in the public parks were subject to prosecution by the United States Attorney under Sec. 932 of the D.C.Code of 1901,[5] as amended by the Act of June 30, 1902.[6] But in July, 1926, Congress amended the general traffic law to provide that all violations of the Traffic Act as amended or of regulations promulgated thereunder should be prosecuted by information filed by the corporation counsel.[7] This provision was amended in 1931,[8] and now reads:

"(i) All prosecutions for violations of provisions of the Traffic Acts, excepting section 11 thereof, and this Act or regulations made and promulgated under the authority of said Acts shall be in the police court of the District of Columbia upon information filed by the corporation counsel of the District of Columbia or any of his assistants."

 The Traffic Act as amended to date may, therefore, be said to delegate to the Commissioners of the District power and authority to make rules and regulations in relation to traffic on the public thoroughfares, and to the Director of Parks authority to make rules and regulations in relation to traffic on the roads in the public parks within the District; and by the quoted section to provide for the prosecution and punishment for violations, whether on the public streets or in the parks, by proceedings in the police court at the instance of the corporation counsel and to exclude the United States Attorney from any part in the commencement of such prosecutions except in the case of a violation of Sec. 11, the smoke screen felony provision of the Act, D.C.Code 1929, T. 6, § 248.

As the information on which the prosecution in this case was begun was brought

by the United States Attorney, it was invalid, and on defendant's motion should have been quashed.

Reversed and remanded with instructions to dismiss the information, but without prejudice to the right of the corporation counsel, if he shall be so advised, to institute a prosecution under the Act.

---

rector of Public Buildings and Public Parks" (43 Stat. 983). Section 16(b) of the 1925 Traffic Act was corrected accordingly in 1926 (44 Stat. 835, D.C. Code 1929, T. 6, § 252).

[4] Sec. 16(b): "Nothing contained in this Act [chapter] shall be construed to interfere with the exclusive charge and control heretofore committed to the Director of Public Buildings and Public Parks of the National Capital over the park system of the District, and he is hereby authorized and empowered to make and enforce all regulations for the

control of vehicles and traffic, and limiting the speed thereof on roads, highways, and bridges within the public grounds in the District, under his control, subject to the penalties prescribed in this Act [sections 241 to 251 of this title]." 43 Stat. 1126; 44 Stat. 835.

[5] 31 Stat. 1340.

[6] 32 Stat. 537, D.C.Code 1929, T. 6, § 351.

[7] 44 Stat. 814.

[8] 46 Stat. 1427, 6 D.C.Code 1929 (Supp. III), 1937, § 243(i).