UNITED STATES of America

v.

Paul STROTHERS.

No. 12632.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 4, 1955.

Decided Nov. 17, 1955.

Mr. David G. Bress, Washington, D. C. (appointed by this Court), for appellant.

Mr. Gerard J. O'Brien, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., and Messrs. Lewis Carroll and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Mr. Carl W. Belcher, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

Mr. Milton D. Korman, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst.

Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for the District of Columbia. Mr. Harry L. Walker, Asst. Corp. Counsel at the time the record was filed, also entered an appearance for the District of Columbia.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., John D. Lane, Harold H. Greene and Forbes W. Blair, Asst. U. S. Attys., were on the brief, for the United States.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This case is before the Court on certificate from the Municipal Court, pursuant to the provisions of Section 933 of the Act of 1901, 31 Stat. 1341, as amended.[1]

On March 18, 1955, an information was filed by the United States Attorney charging the defendant, Paul Strothers, with "inviting, enticing, and persuading an adult person * * * for the purpose of prostitution and other immoral and lewd purposes," in violation of law.

Thereafter, the defendant filed a motion to dismiss, on the ground that the United States had no authority to prosecute the case and that prosecution for violation of the pertinent statute is required to be conducted in the name of and for the benefit of the District of Columbia. The presiding trial judge did not pass on the motion but certified to this court, pursuant to Section 23–102, D.C.Code, 1951 (note 1, supra), the question raised. This court, by its order dated April 8, 1955, acknowledged the certificate and directed the filing of briefs.

On July 29, 1892, Congress passed "An act for the preservation of the public peace and the protection of property within the District of Columbia", 27 Stat. 322. The first seventeen sections of this Act enumerated and made unlawful a number of certain actions, mostly minor in nature,[2] some more serious,[3] each section containing a separate provision for a penalty ranging from a maximum fine of five dollars in some instances to a maximum fine of two hundred and fifty dollars in some others. Section 18 of this Act provided that all prosecutions for the offenses were to be conducted in the name of and for the benefit of the District of Columbia.

From the date of the passage of this Act until August 15, 1935, the Corporation Counsel for the District of Columbia, and his predecessors,[4] prosecuted cases arising thereunder, including Section 7 thereof, 27 Stat. 323, which reads as follows:

"That it shall not be lawful for any prostitute or lewd woman to invite, entice, persuade, or to address for the purpose of inviting, enticing, or persuading any person or persons, in or upon any avenue, street, road, highway, open space, alley, public square, or inclosure in the District of Columbia, to accompany, go with, or follow her to her residence, or to any other house or building, inclosure, or other place, for the purpose of prostitution, under a penalty, if the person so invited, enticed, or persuaded, or addressed for the pur-

---

1. D.C.Code 1951, § 23–102: "If in any case any question shall arise as to whether under section 23–101 the prosecution should be conducted by the corporation counsel or by the attorney of the United States for the District of Columbia, the presiding justice shall forthwith, either of his own motion or upon suggestion of the corporation counsel or the attorney of the United States, certify the case to the United States Court of Appeals for the District of Columbia, which court shall hear and determine the question in a summary way. In every such case

the defendant or defendants shall have the right to be heard in the United States Court of Appeals for the District of Columbia. The decision of such court shall be final."

2. e. g. Flying kites, playing ball in the street, etc.

3. e. g. Destroying or injuring public or private property in the District of Columbia.

4. The Attorney for the District of Columbia, and the City Solicitor.

pose of inviting, enticing, or persuading shall be an adult, of not more than twenty-five dollars for each and every such offense, and if the person invited, enticed, or persuaded, or addressed for the purpose of inviting, enticing, or persuading, be a minor, under a penalty of no more than fifty dollars for each and every such offense. And it shall not be lawful for any prostitute or woman of lewd character to invite, entice, or persuade, or address for the purpose of inviting, enticing, or persuading any person or persons from any door, window, porch, or portico of any house or building to enter any house, or go with, accompany, or follow her to any place whatever, for the purpose of prostitution, under the like penalties herein provided for the same disorderly conduct in the streets, avenues, roads, highways, or alleys, public squares, open places or inclosures."

On August 15, 1935, Congress passed "An Act for the suppression of prostitution in the District of Columbia": 49 Stat. 651, 652. Section 1 of this Act broadened the scope of the offense set forth in Section 7 of the 1892 Act, the persons covered being "any person" rather than "any prostitute or lewd woman", and the offense was broadened to cover soliciting for the purpose of prostitution "or any other immoral or lewd purpose". The maximum penalty was increased from a maximum fine of twenty-five dollars if the person solicited were an adult or fifty dollars if the person were a minor to a fine of not more than $100.00 or imprisonment for not more than ninety days, or both. In addition, the 1935 Act contained provisions for the suspension of sentences, authorizing the court to impose conditions as to such suspension, including submission to medical and mental examination, treatment, "and such other terms and conditions as the court may deem best for the protection of the community and the punishment, control, and rehabilitation of the defendant." Sec-

tion 4 of the 1935 Act provided as follows:

"Section 7 of the Act of Congress entitled 'An Act for the preservation of the public peace and the protection of property within the District of Columbia', approved July 29, 1892, is hereby *repealed*." (Italics supplied.)

It appears that since the passage of the 1935 Act all violations of Section 1 thereof have been prosecuted in the name of the United States and by the United States Attorney for the District of Columbia; and, indeed, a number of such cases have been appealed to this court and to the Municipal Court of Appeals for the District of Columbia, and no question of jurisdiction appears to have been raised until the instant case.

Section 1 of the 1935 Act has been twice amended, the first time by the Act of June 9, 1948, 62 Stat. 346, Title I, § 102. That Act was entitled "An Act to provide for the treatment of sexual psychopaths in the District of Columbia, and for other purposes." This 1948 Act, among other things, amended the first section of the Act of August 15, 1935, and, as well, specifically amended the 1892 Act, obviously distinguishing between the two Acts and treating them as separate Acts. The second time the 1935 Act was amended was in 1953, by Public Law 85, 83d Congress, 67 Stat. 92, 93, known as the "District of Columbia Law Enforcement Act of 1953." This latter Act is particularly important to a decision of this case.

Section 202(a) (1) of the 1953 Act specifically amends Sections 9(a) and 9 (b) of the *1892 Act*, those being the sections dealing with indecent exposure. Then, in Section 202(b), Congress amended the 1935 Act so as to increase the penalty for solicitation. This indicates, of course, that Congress regarded the 1935 Act as being the operative statute against solicitation. There was no amendment made, by the 1953 Act, to Section 18 of the 1892 Act dealing with the provision that prosecution of the of-

fense should be in the name of the District of Columbia. What Congress did in this respect is to be found in Section 211 of the 1953 Act, which directly amends Section 18 of the 1892 Act with respect to proper prosecution of the offense of disorderly conduct. Had any change from the existing practice under the 1935 Act been intended, Congress would have so indicated. It is of no moment that the compilers of the Statutes at Large, as evidenced by their marginal notes, considered the seventh section of the Act of 1892 to be "amended" rather than "repealed." If they used the word "amended" in the narrow sense, they were obviously in error as Congress specifically provided for repeal of Section 7 of that Act.

If, therefore, Section 7 was in fact *repealed,* as we hold it was, as distinguished from *amended,* it is obvious that Section 23–101, D.C.Code, 1951, applies. That section provides:

"The attorney for the District of Columbia shall be known as the corporation counsel.

"Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a *fine only,* or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the corporation counsel or his assistants. *All other criminal prosecutions* shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants." (Emphasis supplied).

In view of the fact that the penalty prescribed by the 1935 Act as amended is a fine or imprisonment *or both,* the prosecution is to be conducted by the United States Attorney, unless the Corporation Counsel has been specifically authorized to do so. As heretofore indicated, no such specific authority has been given.

Accordingly, we hold that a prosecution for violation of Section 22–2701 of the District of Columbia Code 1951, Supp. III (Section 1 of the Act of August 3, 1935, as amended) should be conducted by the United States Attorney in the name of and for the benefit of the United States.

This case will, therefore, be remanded to the Municipal Court for further proceedings not inconsistent with this opinion, with directions to deny the defendant's motion to dismiss.

So ordered.