**Lorin H. THOMPSON, Appellant,**

v.

**Minnie F. THOMPSON, Executrix of the Estate of Grace G. Thompson, Deceased, Appellee.**

**No. 13189.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 8, 1957.

Decided May 2, 1957.

Mr. James J. Bierbower, Washington, D. C., for appellant. Mr. John William Warner, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Harvey H. Holland, Jr., with whom Mr. George A. Glasgow was on the brief, for appellee.

Messrs. G. B. Craighill, Caesar L. Aiello and Llewellyn C. Thomas, Washington, D. C., filed a brief on behalf of the District of Columbia Savings and Loan League, as amicus curiae, urging reversal.

Before EDGERTON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

■ Grace Thompson, during an illness which proved fatal, signed a letter instructing a building association to transfer $5,500 of her funds from an existing account to a new account, to be

opened in the joint names of herself and her brother Lorin. Lorin obtained a printed card from the building association creating a joint account for the brother and sister, and reciting that it was "subject to order of either, and balance at death of either to the survivor." He took this card to Miss Thompson, who signed it. Lorin delivered the card to the association and was given a passbook. After her death, about two months later, Lorin drew out part of the funds. The executrix of the estate sued Lorin to recover this withdrawal and to obtain the funds remaining in the account, joining the treasurer of the building association as a defendant. A trial was held. After the close of Lorin's case, the plaintiff moved for a directed verdict. This was granted as against Lorin, and he has appealed.

We think the court's action was proper. The evidence, which we need not recite here, would have required a jury to find that Miss Thompson did not intend to make a gift to her brother, or a contract by which ownership was to be transferred to him. On the evidence, the conclusion is inescapable that the account was created, in the words of the trial court, "to make the money available for use for the benefit of the deceased while she was in the hospital and might be unable to sign checks or otherwise exercise dominion over the account."

The appellant and the District of Columbia Savings and Loan League, as *amicus curiae*, urge us to reexamine our opinions in Harrington v. Emmerman, 1950, 88 U.S.App.D.C. 23, 186 F. 2d 757, and in Murray v. Gadsden, 1952, 91 U.S.App.D.C. 38, 197 F.2d 194, 33 A. L.R.2d 554, and to hold, contrary to them, that the signing of a printed card such as the decedent signed here creating a joint account from the funds of one signer only does not give rise to a rebuttable presumption that the joint account was established for the conven-ience of the owner of the fund but instead creates a rebuttable presumption that a present undivided interest in the fund has been transferred to the other party. As we have made clear,[1] the action of the court sitting *en banc* is ordinarily required to overrule our previous decisions, at least those of recent date. In any event, reexamination would avail nothing here: even if we started with the presumption urged upon us, it would be rebutted by the testimony.

We do not reach the other matters argued by the parties.[2] The judgment of the District Court will accordingly be

Affirmed.

---

1. District of Columbia v. Washington Post Co., 98 U.S.App.D.C. 304, 235 F.2d 531, certiorari denied, 1956, 352 U.S. 912, 77 S.Ct. 147, 1 L.Ed.2d 118.

2. Compare Imirie v. Imirie, 100 U.S.App. D.C. ——, —— F.2d ——.