**DISTRICT OF COLUMBIA**

v.

**Mark GRIMES, Defendant.**

**No. 21555.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 13, 1968.

Decided March 28, 1968.

McGowan, Circuit Judge, dissented.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for the District of Columbia.

Mr. Lawrence H. Schwartz, Washington, D. C., with whom Mr. David C. Niblack, Washington, D. C. (both appointed

by the District of Columbia Court of General Sessions) was on the brief for defendant.

Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Lawrence Lippe, Asst. U. S. Attys., filed a brief on behalf of the United States of America as amicus curiae.

Before MCGOWAN, TAMM and ROBINSON, Circuit Judges.

TAMM, Circuit Judge:

Despite our concise holding in District of Columbia v. Moody, 113 U.S.App.D.C. 67, 304 F.2d 943 (1962) we are again presented herein with the question whether the prosecution of charges of disorderly conduct in violation of D.C.CODE § 22–1107 (1967)[1] is within the jurisdiction of the Corporation Counsel or of the United States Attorney. The statute involved is set forth in its entirety in the appendix.

By an information filed in the Criminal Division of the Court of General Sessions, appellee, designated "Defendant in the pleadings before us," was charged with disorderly conduct in violation of D.C.CODE § 22–1107 (1967). In the course of preliminary proceedings in that court, defense counsel challenged the authority of the corporation counsel to prosecute the offense, and the Court of General Sessions, acting pursuant to D.C.CODE § 23–102 (1967), (also quoted in the appendix hereto) certified the question to this court. Basically, the thrust of appellee's position is that since the punishment now provided for violation of the disorderly conduct statute is a fine of "not more than $250 or imprisonment of not more than ninety days, *or both*," (emphasis supplied), the prosecutive authority is established by D.C.CODE § 23–101 (1967) (see appendix) as being exclusively in the United States Attorney. The Corporation Counsel attempts

to establish its prosecutive authority by a chronological presentation of the development of the disorderly conduct statute from its origin to its present content. Briefly stated, this summation begins with Congress enacting in 1892 "[a]n act for the preservation of public peace and the protection of property in the District of Columbia." 27 Stat. 322 (1892). This act, which embraced enumerated acts of disorderly conduct, provided specifically that all prosecutions for violations thereof "shall be conducted in the name of and for the benefit of the District of Columbia * * *," and provided a fine of $25.00 for violation of any of its criminal provisions. In ensuing years, some changes not pertinent hereto were made in the statute, but in 1953 Congress rewrote various provisions of the 1892 act including a revision of the disorderly conduct provisions to the form in which they now appear in § 22–1107. In addition Congress eliminated the $25.00 fine provided in the 1892 act and substituted therefor $250.00 or imprisonment for not more than ninety days, *or both.*" (Emphasis supplied.) 67 Stat. 97 (1953). The prosecutive jurisdiction, originating as section 18 of the 1892 act now appears as D.C.CODE § 22–109 (1967) (see appendix) and still provides for prosecution "in the name of and for the benefit of the District of Columbia * * *."

The opposing contentions then bring into head-on confrontation the conflicting statutory provisions for "[prosecution] in the name of and for the benefit of the District of Columbia" *id est* § 22–109, and the restriction upon prosecutive jurisdiction of the District of Columbia acting through its legal office, the Corporation Counsel, by § 23–101, which limits this jurisdiction to cases where the maximum punishment is a "fine only, *or* imprisonment not exceeding one year." (Emphasis supplied.)

---

[1] We have discussed the development of various sections of the District of Columbia Code relating to the prosecutive jurisdiction of both the Corporation Counsel's Office and the United States Attorney's Office in several cases. *See*

District of Columbia v. Simpson, 40 App. D.C. 498 (1913); United States v. Strothers, 97 U.S.App.D.C. 63, 228 F.2d 34 (1955); Smith v. District of Columbia, 128 U.S.App.D.C. 275, 387 F.2d 233 (1967).

■ We note that historically the Corporation Counsel has conducted the prosecution of the disorderly conduct cases for many years, not only prior to the 1953 amendments of the statute, but subsequently down to the present time. We find no solution to our problem in the District of Columbia's suggestion that because of its deep antecedents in these prosecutions the status quo should remain undisturbed. We do not believe that the rule of statutory construction that "[l]ong-continued contemporaneous and practiced interpretation of a statute by the executive officers charged with its administration and enforcement, the courts, and the public constitutes an invaluable aid in determining the meaning of a doubtful statute," 2 SUTHERLAND, STATUTORY CONSTRUCTION § 5103, p. 512 (Horack's 3d ed. 1943), is a standard applicable to any situation in which a statutory provision would appear to positively prohibit the challenged conduct.

■ While it is, of course, true that in our opinion in United States v. Strothers, 97 U.S.App.D.C. 63, 228 F.2d 34 (1955) we discussed the significance of the distinction between amendment of a statute and an outright repeal of a statute, we do not find that distinction as being dispositive of the present question. We are herein confronted with a statute which contains within its own phraseology no specific identification of the agency which will prosecute the violations therein enumerated. This omission appears to have substantial significance when it is noted that some forty other statutory provisions of the District of Columbia Code which provide for both fine and imprisonment, either contain specific authorization in each situation for the Corporation Counsel to carry on the prosecutions enumerated, or provide that the prosecution shall be carried on "in the name of the District of Columbia." A listing of some of these D.C. CODE sections are made a part of the appendix to this opinion. The conclusion is to us inescapable that had Congress intended to place prosecutive jurisdiction

for § 22–1107 violations in the Corporation Counsel, Congress would have specifically so provided. We hold, therefore, that § 23–101, by restricting the Corporation Counsel's authority to cases in which the punishment is fine *or* imprisonment, requires that prosecutions for § 22–1107 violations be carried on by the United States Attorney.

We are not unmindful of the additional burden placed upon the United States Attorney by this decision, nor are we ignoring the substantial reduction in the resulting work load of the Corporation Counsel's Office. Our holdings on this question have been consistent since we decided District of Columbia v. Simpson, *supra*, in 1913. It would certainly seem that under the impetus of United States v. Strothers, *supra*, in 1955, District of Columbia v. Moody, *supra*, in 1962 and Smith v. District of Columbia, *supra*, in 1967, the Corporation Counsel's Office would, if it had any serious interest in this recurring problem, have initiated the necessary action in Congress to effectuate a simple revision in the phraseology of § 23–101 which would completely clarify this matter.

The case is remanded to the Court of General Sessions for whatever further action, consistent with this opinion, is necessary.

Remanded.

## APPENDIX

D.C.CODE § 22–109 (1967), provides:

All prosecutions for violations of section 22–1121 or any of the provisions of any of the laws or ordinances provided for by this Act shall be conducted in the name of and for the benefit of the District of Columbia, and in the same manner as provided by law for the prosecution of offenses against the laws and ordinances of the said District. Any person convicted of any violation of section 22–1121 or any of the provisions of this Act, and who shall fail to pay the fine or penalty imposed, or to give security where the same is required, shall be committed to the workhouse of the District of Co-

**1340**

lumbia for a term not exceeding six months for each and every offense. The second sentence of this section shall not apply with respect to any violation of section 22–1112(b). (July 29, 1892, 27 Stat. 325, ch. 320, § 18; June 29, 1953, 67 Stat. 93, 98, ch. 159, §§ 202 (a) (2), 211(b).)

D.C.CODE § 22–1107 (1967), provides:

It shall not be lawful for any person or persons within the District of Columbia to congregate and assemble in any street, avenue, alley, road, or highway, or in or around any public building or inclosure, or any park or reservation, or at the entrance of any private building or inclosure, and engage in loud and boisterous talking or other disorderly conduct, or to insult or make rude or obscene gestures or comments or observations on persons passing by, or in their hearing, or to crowd, obstruct, or incommode, the free use of any such street, avenue, alley, road, highway, or any of the foot pavements thereof, or the free entrance into any public or private building or inclosure; it shall not be lawful for any person or persons to curse, swear, or make use of any profane language or indecent or obscene words, or engage in any disorderly conduct in any street, avenue, alley, road, highway, public park or inclosure, public building, church, or assembly room, or in any other public place, or in any place wherefrom the same may be heard in any street, avenue, alley, road, highway, public park or inclosure, or other building, or in any premises other than those where the offense was committed, under a penalty of not more than $250 or imprisonment for not more than ninety days, or both for each and every such offense. (July 29, 1892, 27 Stat. 323, ch. 320, § 6; July 8, 1898, 30 Stat. 723, ch. 638; June 29, 1953, 67 Stat. 97, ch. 159, § 210.)

D.C.CODE § 23–101 (1967), provides:

The attorney for the District of Columbia shall be known as the corporation counsel.

Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the corporation counsel or his assistants. All other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistant. (Mar. 3, 1901, 31 Stat. 1340, ch. 854, § 932; June 30, 1902, 32 Stat. 537, ch. 1329.)

D.C.CODE § 23–102 (1967), provides:

If in any case any question shall arise as to whether under section 23–101 the prosecution should be conducted by the corporation counsel or by the attorney of the United States for the District of Columbia, the presiding justice shall forthwith, either of his own motion or upon suggestion of the corporation counsel or the attorney of the United States, certify the case to the United States Court of Appeals for the District of Columbia, which court shall hear and determine the question in a summary way. In every such case the defendant or defendants shall have the right to be heard in the United States Court of Appeals for the District of Columbia. The decision of such court shall be final. (Mar. 3, 1901, 31 Stat. 1341, ch. 854, § 933; June 30, 1902, 32 Stat. 537, ch. 1329; June 7, 1934, 48 Stat. 926, ch. 426.)

Following is a selection of the many statutory provisions authorizing the District of Columbia Corporation Counsel to prosecute crimes for which both a fine and imprisonment are provided. Like D.C.CODE § 22–109 (1967), some of these provisions state that prosecution shall be in the name of the District of Columbia but do not specifically name the Corporation Counsel.

| Violation of Statute Relating to | Maximum Penalty | D.C. Code Section 1967 ed. | Statute-At-Large |
|---|---|---|---|
| Cemeteries and Crematories | 200/90 days | 27–127 | 31 Stat. 1298 (1901) |
| Dead Human Bodies | 100/1 yr. | 2–209 | 32 Stat. 175 (1902) |
| General Licensing | 300/90 days | 47–2347 | 32 Stat. 628 (1902) |
| Insanitary Buildings | 100/90 days | 5–631 | 34 Stat. 161 (1906) 68 Stat. 889 (1963) |
| Pharmacies | 200/6 mos. | 2–616 | 34 Stat. 182 (1906) |
| Veterinarians | 200/6 mos. | 2–812 | 34 Stat. 873 (1907) |
| Hospitals | 200/30 days | 32–305 | 35 Stat. 65 (1908) |
| Money Lender | 200/30 days | 26–607 | 37 Stat. 659 (1913) |
| Public Auction | 200/60 days | 47–2207 | 39 Stat. 847 (1916) |
| Industrial Safety | 300/90 days | 36–442 | 40 Stat. 961 (1918) 55 Stat. 738 (1941) |
| Minimum Wages | 10,000/6 mos. | 36–414 | 40 Stat. 963 (1918) |
| Weights and Measures | 500/6 mos. | 10–134 | 41 Stat. 1225 (1921) |
| Optometrists | 1000/1 yr. | 2–502 | 43 Stat. 177 (1924) 79 Stat. 1308 (1965) |
| Dairy Production | 500/30 days | 33–319 | 43 Stat. 1008 (1925) |
| Renovation and Sale of Mattresses | 500/6 mos. | 6–605 | 44 Stat. 839 (1926) |
| Practice of Architecture | 200/1 yr. | 2–1030 | 45 Stat. 953 (1928) |
| Books & Records of Insurance Corp. | 300/90 days | 35–204 | 47 Stat. 158 (1932) |
| Alcoholic Beverages | 1000/1 yr. | 25–132 | 48 Stat. 336 (1934) |
| Boilers | 100/90 days | 1–714 | 49 Stat. 1917 (1936) |
| Motor Vehicles Registration | 300/30 days | 40–104 | 50 Stat. 682 (1937) |
| Real Estate and Business Brokers | 500/6 mos. | 45–1416 | 50 Stat. 797 (1937) |
| Cosmetology | 300/6 mos. | 2–1327 | 52 Stat. 619 (1938) |
| Communicable Disease | 300/90 days | 6–119h | 53 Stat. 1408 (1939) 60 Stat. 919 (1946) |
| Making of False Statement Concerning Automobile liens | 500/1 yr. | 40–714 | 54 Stat. 739 (1940) |

| Violation of Statute Relating to | Maximum Penalty | D.C. Code Section 1967 ed. | Statute-At-Large |
|---|---|---|---|
| Vagrancy | 300/90 days | 22–3305 | 55 Stat. 810 (1941) |
| Black-outs in War Time | 300/90 days | 6–1010 | 55 Stat. 860 (1941) |
| Child Placing Agency Without License | 300/90 days | 32–788 | 58 Stat. 195 (1944) |
| Boxing | 1000/1 yr. | 2–1224 | 58 Stat. 826 (1944) |
| Secrecy Breach by District Employees | 1000/6 mos. | 47–1564c(e) | 61 Stat. 342 (1947) |
| General D.C. Taxes | 5000/1 yr. | 47–1589e | 61 Stat. 357 (1947) |
| Sales Taxes | 500/6 mos. | 47–2627 | 63 Stat. 124 (1949) |
| Cigarette Tax | 1000/1 yr. | 47–2810 | 63 Stat. 139 (1949) |
| Charitable Solicitations | 500/60 days | 2–2112 | 71 Stat. 281 (1957) |
| Fish and Game | 300/90 days | 22–1631 | 72 Stat. 815 (1958) |
| Practical Nurses | 300/90 days | 2–437 | 74 Stat. 807 (1960) |
| Physical Therapists | 500/1 yr. | 2–467 | 75 Stat. 582 (1961) |
| Public Welfare | 500/90 days | 3–212 | 76 Stat. 917 (1962) |
| Disclosure of Juvenile Court Records | 100/90 days | 11–1586(d) | 77 Stat. 501 (1963) |
| Public Accountants | 500/1 yr. | 2–926 | 80 Stat. 792 (1966) |

———————◆———————

SPOTTSWOOD W. ROBINSON, III, Circuit Judge (concurring):

Judge McGowan sets forth persuasively the historical facts translatable into an appeal for maintenance of the prosecutorial status quo in Section 22–1107 disorderly conduct cases. For me, however, the considerations delineated in Judge Tamm's opinion, in which I concur, provide the edge in the resolution of the close question which was certified to us. The District cannot, in my view, assume the litigatory helm in such cases without colliding head-on with our holdings in *Strothers*[1] and *Moody*,[2] which I am unable to comfortably distinguish, and impinging on the judicial philosophy underlying them. If, as an alternative measure, those decisions are to be overruled, not only must that step be taken by the

1. United States v. Strothers, 97 U.S.App. D.C. 63, 228 F.2d 34 (1955).

2. District of Columbia v. Moody, 113 U.S. App.D.C. 67, 304 F.2d 943 (1962).

court *en banc*,[3] but also for sound supporting reasons.

Unfolded before us is a situation strikingly similar in its material aspects to those presented in *Strothers* and *Moody*. Section 22–1107, except as to its current penalty, is the product of an 1898 amendment [4] fusing Sections 5 and 6 of an 1892 statute,[5] self-described as "[a]n act for the preservation of the public peace and the protection of property within the District of Columbia." The act contained nineteen sections, the first seventeen of which defined offenses in no instance made punishable by imprisonment. The eighteenth section, now Section 22–109 of the Code, specified that all prosecutions under the act should be conducted by and for the District. Like the problem here, those addressed in *Strothers* and *Moody* were generated by subsequent increases in the maximum punishment, from a fine alone to both fine and imprisonment, for activities originally outlawed by the 1892 act.

Section 7 of the act, forbidding solicitation for prostitution, had been expressly repealed when it was displaced by a 1935 statute,[6] now Section 22–2701 of the Code, which was involved in *Strothers*.

On the other hand, *Moody* treated Section 1 of the act, now Section 22–3112 of the Code, proscribing the destruction of private property, which has been amended in 1906,[7] *inter alia*, to alter the penalty. Each case was inaugurated by the District and conducted by its Corporation Counsel, apparently because Section 22–109 had been left untouched. We held, however, that in consequence of Section 23–101,[8] enacted in 1901,[9] each charge must be prosecuted, if at all, by the United States Attorney. These decisions lead me to the same conclusion here.

By Section 23–101,[10] Congress supplied the standard by which, absent a different specification, the District's jurisdiction over violations of local criminal laws is to be ascertained. Congress said that the District may engage in such litigation "where the maximum punishment is a fine only, or imprisonment not exceeding one year," and that "[a]ll other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants." [11] This, we have held, means that the District may proceed where either a fine or a term of imprisonment is authorized, but not where both may be inflicted.[12] And our decisions have consistently ef-

---

3. Insurance Agents' Int'l Union v. NLRB, 104 U.S.App.D.C. 218, 260 F.2d 736 (1958), aff'd 361 U.S. 477, 80 S.Ct. 419, 4 L.Ed.2d 454 (1960); Polisnik v. United States, 104 U.S.App.D.C. 136, 137, 259 F.2d 951, 952 (1958); Mallory v. United States, 104 U.S.App.D.C. 71, 259 F.2d 801 (1958); Davis v. Peerless Ins. Co., 103 U.S.App.D.C. 125, 127, 255 F.2d 534, 536 (1958); Thompson v. Thompson, 100 U.S.App.D.C. 285, 286, 244 F.2d 374, 375 (1957). See also District of Columbia v. Washington Post Co., 98 U.S.App.D.C. 304, 235 F.2d 531, cert. denied 352 U.S. 912, 77 S.Ct. 147, 1 L.Ed.2d 118 (1956).

4. 30 Stat. 723 (1898).

5. 27 Stat. 322 (1892).

6. 49 Stat. 651 (1935).

7. 34 Stat. 126 (1906).

8. Quoted *infra* note 10.

9. 31 Stat. 1340 (1901).

10. "Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the corporation counsel or his assistants. All other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants." D.C.Code § 23–101 (1967 ed.).

11. *Ibid.*

12. District of Columbia v. Simpson, 40 App.D.C. 498 (1913). See also the cases cited *infra* note 13.

fectuated the proposition that where Congress has not spoken antithetically, the prescribed maximum punishment at the time of prosecution determines who shall prosecute.[13]

Congress has frequently made express provision for prosecution by the District even where the penalty for a particular offense embraces both a fine and incarceration,[14] thereby creating exceptions to the rule enunciated in Section 23–101.[15] But *Strothers* and *Moody* reflect a sound judicial policy dictating adherence to that rule where a claimed exemption is not fairly evident.[16] When Congress takes pains to articulate ever so clearly a general jurisdictional definition, the justification for judicial deviation therefrom must embrace importantly a deep-seated confidence that the legislative purpose will not be frustrated. I do not feel at liberty to disregard the plain mandate of Section 23–101 on the basis of indications of a contrary congressional aim which, as our dissenting colleague at the outset aptly characterizes them, are "admittedly murky." Nor can I believe that Congress, which has been scrupulous in explicating where the prosecutorial authority in misdemeanor cases resides, and in simplifying and expediting controversies in that regard,[17] intended that the result should in any case abide a formidable and time-consuming judicial investigation into a ramified legislative history.

This court has always endeavored to honor the congressional will, and our decisions reflect the best we can offer. Judges are able to do only so much when legislative intent is obscure, and perhaps all too frequently that much might not be enough. When it is not, the matter is ripe for the chambers of Congress, from whence the final answer must come. To insure for the people of this community the prosecutorial procedures which Congress contemplated they should have, that is where I think this general problem should go.

McGOWAN, Circuit Judge (dissenting):

The question certified to us by the Court of General Sessions depends for its answer only upon an ascertainment of Congressional intent. That intent is admittedly murky, and has been so for several years because of an apparently in-

---

13. District of Columbia v. Moody, *supra* note 2; United States v. Strothers, *supra* note 1; District of Columbia v. Simpson, *supra* note 12. See also Smith v. District of Columbia, No. 20,279 (D.C. Cir. July 27, 1967) at 4; Tate v. United States, 123 U.S.App.D.C. 261, 265 n. 4, 359 F.2d 245, 249 n. 4 (1966); Nation v. District of Columbia, 34 App.D.C. 453, 457–458, 26 L.R.A.,N.S., 996 (1910); Morton v. Welch, 162 F.2d 840, 841–842 (4th Cir.), cert. denied 332 U.S. 779, 68 S.Ct. 44, 92 L.Ed. 363 (1947).

14. See the appendix to Judge Tamm's opinion, *supra*.

15. See Shelton v. United States, 83 U.S. App.D.C. 32, 33–35, 165 F.2d 241, 242–244 (1947); Persham v. United States, 70 App.D.C. 116, 104 F.2d 249 (1939); District of Columbia v. Moyer, 68 App. D.C. 98, 93 F.2d 527 (1937).

16. The thrust of Section 22–109, providing for prosecution by the District of violations of the 1892 act, was blunted by the repeal in *Strothers* and the amendment in *Moody*, logically posing the question whether as an indicium of legislative intent, it overrode, alone or with other factors present, the positive expression in Section 23–101. Both cases in effect responded to that question in the negative. That the distinction between repeal and amendment was not regarded as significant gains strength from the fact that two members of the *Strothers* panel, including Judge Bastian who authored the *Strothers* opinion, were members of the *Moody* panel.

17. D.C.Code § 23–102 (1967 ed.) provides a simple expedient for speedy resolution of questions arising in misdemeanor litigation as to whether the prosecution should be conducted by the Corporation Counsel or by the United States Attorney. The trial judge may immediately certify the question to us. We are required to "hear and determine the question in a summary way" and our decision is final.

attentive and casual approach to legislative drafting. The resulting problem has, however, been known to exist for quite a long time now to the persons most immediately affected, that is to say, the Corporation Counsel and the United States Attorney. I, therefore, share my colleagues' impatience with the failure to seek clarification from the only source which can give a completely authoritative answer, namely, the Congress. As the courts struggle to keep abreast of the rising tide of essential litigation, it is increasingly important that wholly unnecessary burdens of this kind not be imposed upon them.

The fact that I dissent on the merits does not in any way lessen my feeling that this case, and its predecessors, ought not to be here. It emphasizes, if anything, the cloudy aspect of the problem and the peculiar appropriateness of a Congressional resolution of it.

Since the question is one of legislative intent, the way to approach this case is first to try to discover which government agency Congress probably intended to bring disorderly conduct prosecutions, and only then to consider whether prior decisions of this court support or obstruct the conclusion reached.

*Legislative Intent*

Section 22–1107 was originally enacted as Sections 5 and 6[1] of the 1892 "act for the preservation of the public peace and the protection of property within the District of Columbia," and its violations then carried the penalty of a $25 fine. Section 18 of that 1892 Act, now Section 22–109, specifically provided—and still specifically provides—that

all prosecutions for violations of * * any of the provisions of any of the laws or ordinances provided for by this Act [of 1892] shall be conducted in the name of and for the benefit of the District of Columbia * * *.

In 1901, at the time of the general codification of D. C. law, Congress enacted

Section 23–101, a general catchall provision to determine, in the absence of a more specific direction to the contrary elsewhere in the Code, whether prosecutions were to be brought in the name of the United States or in the name of the District of Columbia. Section 23–101 provided, and still provides, that all prosecutions for which the maximum penalty could exceed a fine only *or* imprisonment not exceeding one year should be conducted in the name of the United States. Since violations of Section 22–1107 at that time still carried a maximum penalty of a $25 fine only, there was no conflict between Sections 22–109 and 23–101; and disorderly conduct prosecutions continued to be brought in the name of the District of Columbia.

In the District of Columbia Law Enforcement Act of 1953, Congress undertook a fairly extensive overhaul of the criminal provisions of the D. C. Code. One outcome of this revision was the enactment of 22 D.C.Code § 1121, which created new categories of disorderly conduct not already proscribed by Section 22–1107 or other sections of the Code. Congress' reasons for expanding the crime of disorderly conduct was explained in the House Report:

This subsection [22–1121] is based on a provision of the New York Penal Law which has proved extremely useful in curbing disorderly conduct in that State. There is no similarly comprehensive provision of District law relating to disorderly conduct. Those parts of the New York provision which are satisfactorily covered by existing District law [*i. e.,* section 22–1107] are not included in the new section [22–1121].

H.R.Rep. No. 514, 83d Cong., 1st Sess. 8–9 (1953)(bracketed material inserted). It is clear from this legislative history that Congress viewed the old Section 22–1107 and the new Section 22–1121 as parts of a comprehensive whole patterned

1. Sections 5 and 6 were merged in 1898.

after New York law. Further evidence that the two sections were so regarded is found not only in the similarity of the conduct made unlawful in each but also in the equivalence of the penalties for violations of each. The new Section 22–1121 created maximum penalties of a $250 fine or 90 days in jail, *or both*; the old Section 22–1107 was amended to carry identical penalties.

This increase in the penalty for disorderly conduct might have created an uncertainty as to which prosecutorial authority—the U. S. Attorney or the Corporation Counsel—should bring such actions. This potential ambiguity lay in the following circumstances: (1) Because a defendant could now receive both a fine and a jail sentence, Section 23–101, if it applied, would require the U. S. Attorney to conduct the prosecutions; (2) the more particular Section 22–109 apparently still applied to prosecutions under Section 22–1107, even though the penalty had been increased, because Section 22–1107 was originally enacted as part of the 1892 Act; but (3) since the new Section 22–1121 was not a part of the 1892 Act, Section 22–109 would apparently not bring its enforcement within the jurisdiction of the Corporation Counsel, and therefore, under the catchall Section 23–101, it would be enforced by the U. S. Attorney. Congress was, however, perhaps aware of this possible predicament, and particularly of the absurd possibility that one part of its comprehensive scheme (Section 22–1107) would be carried out in the name of the District of Columbia while another part (Section 22–1121) would be carried out in the name of the United States. Thus, Congress in 1953 amended the more specific provision—Section 22–109—arguably to ensure that violations of both disorderly conduct sections would be prosecuted by the same authority, the Corporation Counsel. The italicized phrase, which would effect such an intent, was inserted in section 22–109:

> All prosecutions for violations of *section 22–1121 or* any of the provisions of any of the laws or ordinances provided for by this Act [of 1892] shall be conducted in the name of and for the benefit of the District of Columbia * * *.

The reason why Congress did not refer by name to Section 22–1107 as it did to Section 22–1121 could be because it assumed that since Section 22–1107, unlike Section 22–1121, had been originally enacted as a provision of the 1892 Act, it was already explicitly covered by Section 22–109. This conclusion is again borne out by the legislative history. The same House Report, immediately after discussing the purpose of adding Section 22–1121 to Section 22–1107 to create a comprehensive program identical to that of New York, stated:

> This subsection amends section 18 of the act of July 29, 1892 (D.C.Code, sec. 22–109), so as to provide that violations of the new section [22–1121] shall be prosecuted in the name of the District. * * *

H.R.Rep. No. 514, 83d Cong., 1st Sess. 9 (1953) (bracketed material inserted).

In the light of this legislative history—and of all common sense considerations relating to the uniform enforcement of disorderly conduct statutes in the District—it is not an inescapable necessity that we read the statutes as requiring that Sections 22–1107 and 22–1121 be enforced by different agencies. On the contrary, the legislative history and the structure of the Code suggest that violations of both sections were intended to be prosecuted by the Corporation Counsel. The Government has so read the Code, and all disorderly conduct prosecutions under both sections have for the 15 years since 1953 been brought in the name of the District of Columbia.

*The Cases*

The only question remaining is whether this panel can achieve the result intended by Congress consistently with the four prior decisions of this Court

discussed in the briefs, or whether parts of those decisions must be overruled to the extent that they are inconsistent with the instant decisions. My conclusion is that, while at least one of the prior decisions was perhaps incorrect, they can all be distinguished; and that an *en banc* court need not be convened to overrule any of them.

The most recent discussion of the problem occurred in the opinion in Smith v. District of Columbia, 128 U.S.App.D.C. 275, 387 F.2d 233 (1967). The holding in that case was that the appellants' disorderly conduct convictions must be set aside because the information had failed to apprise the appellants "with certainty the offense with which they were charged and the possible penalty threatened." In the course of discussing the network of possibly applicable statutes, Judge Prettyman did say that "so far as we are advised, there is no specific exemption of [Section 22–1107] from the requirements of 23–101, such as was provided in respect to Section 1121." This opinion did not say, however, much less hold, that Section 22–1107 prosecutions had to be brought by the United States. Moreover, the "so far as we are advised" language indicates that the panel did not itself undertake to investigate the question and was not aided by the parties. That observation, then, is far from disabling us from holding that the Corporation Counsel is the proper prosecutorial authority.

The earliest decision bearing on this question was that of the Supreme Court of the District of Columbia in the District of Columbia v. Simpson, 40 App.D.C. 498 (1913). The defendant was being prosecuted for refilling used milk bottles in violation of what is now 48 D.C. Code § 303. Since that offense carried a possible maximum penalty of *both* fine and imprisonment, the court held that, under the catchall Section 23–101, the prosecution must be conducted in the name of the United States. That holding, however, is simply not relevant to the issue in the present case. There was never any question that the answer in *Simpson* was controlled by Section 23–101, because there was no other more particular statute to the contrary. Section 22–109 did not apply because the provision being enforced had not been a part of the 1892 Act; indeed, it was enacted in 1901, as part of the same act which created Section 23–101, at the time of the general codification of D.C. law.

The next pertinent decision by this court was United States v. Strothers, 97 U.S.App.D.C. 63, 228 F.2d 34 (1955). The certified question was whether the U. S. Attorney or the Corporation Counsel had the authority to prosecute violators of what is now 22 D.C. Code § 2701 (solicitation for prostitution). The court held that Section 23–101 applied and that, since the maximum punishment could be both a fine and a jail sentence, the U. S. Attorney had jurisdiction over the offense. The court rejected the argument that Section 22–109 controlled. Although the offense had first been created by a provision of the 1892 Act, that provision had specifically been repealed in 1935 when Congress enacted the new "Act for the suppression of prostitution in the District of Columbia" and increased the penalty to permit both fine and punishment. The court emphasized that, while the original provision had been enforced by the Corporation Counsel, after its repeal in 1935 prosecutions under the new prostitution statute had uniformly been conducted by the U. S. Attorney. That the court viewed the difference between repeal and amendment as the critical issue is evident from the following excerpt from the opinion:

If, therefore, Section 7 [of the 1892 Act] was in fact *repealed,* as we hold it was, as distinguished from *amended,* it is obvious that Section 23–101, D.C. Code, 1951, applies.

228 F.2d at 37. (Emphasis as in original; bracketed material supplied.) Since

Section 22–107 has never been repealed since its passage as part of the 1892 Act and was only amended in 1953 to increase the penalty, the *Strothers* decision affirmatively supports the conclusion that it is to be enforced by the Corporation Counsel.

District of Columbia v. Moody, 113 U.S.App.D.C. 67, 304 F.2d 943 (1962), presents the most difficulty. There the court, in a brief, single-paragraph, *per curiam* opinion, held that by reason of Section 23–101, prosecutions under 22 D.C. Code § 3112 (destroying property) must be brought in the name of the United States because the offense is punishable by *both* fine and imprisonment. The opinion cited *Strothers* as authority for its holding. The decision seems, however, to be incompatible with the rationale of *Strothers*. Section 22–3112 was originally enacted as part of the 1892 Act and was amended—but not repealed —in 1906 to increase the penalty; therefore, Section 22–109 was by its terms applicable, and the prosecution should have been by the Corporation Counsel in the name of the District of Columbia. The *Moody* result is arguably defensible on the basis of the uncertainty about legislative intent under the circumstances of that case: Sections 23–101 and 22–109 were in apparent conflict and there was no sure guide as to which Congress intended to control. In the instant case, on the other hand, the situation is not that of a bare confrontation between Sections 23–101 and 22–109. There is, rather, a ponderable indication in the legislative history, and in the structure of the statutes, that Congress wanted all disorderly conduct prosecutions to be in the name of the District of Columbia. Therefore, without the necessity of expressing any opinion about the rightness or wrongness of the result in *Moody*, the court can now hold that at least here Congress has provided some indication that Section 22–109, not Section 23–101, applies to prosecutions under Section 22–1107.